UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SELENA WILLIAMS,<br><br>        Plaintiff,<br><br>   -against-<br><br>KEVIN DAHILL-FUCHEL; COUNSELING IN SCHOOLS,<br><br>        Defendants. | 1:19-CV-9418 (PAE)<br><br>ORDER OF SERVICE |

PAUL A. ENGELMAYER, United States District Judge:

  Plaintiff brings this *pro se* action asserting claims under Title VII of the Civil Rights Act of 1964 and the New York State and New York City Human Rights Laws. Plaintiff sues her former employer, Counseling In Schools ("CIS"), and its Chief Executive Officer and her supervisor, Kevin Dahill-Fuchel. By order dated November 12, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court directs service on CIS and Dahill-Fuchel.

**DISCUSSION**

  Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on CIS and Dahill-Fuchel until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time

to serve CIS and Dahill-Fuchel until 90 days after the date that the summonses for those defendants are issued. If the complaint is not served on those defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on CIS and Dahill-Fuchel through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 form") for CIS and Dahill-Fuchel. The Clerk of Court is further instructed to issue summonses for CIS and Dahill-Fuchel, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on CIS and Dahill-Fuchel.

Plaintiff must notify the Court if her address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to complete USM-285 forms with the service addresses for Defendants Counseling In Schools and Dahill-Fuchel, and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

SO ORDERED.

Dated: Nov. 13, 2019
New York, New York

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Kevin Dahill-Fuchel
   Counseling In Schools
   505 8th Avenue, Suite 12A-06
   New York, New York 10018

2. Counseling In Schools
   505 8th Avenue, Suite 12A-06
   New York, New York 10018